IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DENETRICE SMITH, Individually, and ) <br> as Administratrix of the Estate  ) <br> Estate of Alexander Smith,       ) <br> Deceased.                        ) <br>                                  ) <br>      Plaintiffs,                 ) <br> v.                               ) <br>                                  ) <br> AARON WILLIAMS;                  ) <br> JASON L. FAULK, Individually and ) <br> as an Employee or Agent of       ) <br> Southwest International Trucks,  ) <br> Inc. and/or Design Transportation ) <br> Services, Inc.; SOUTHWEST        ) <br> INTERNATIONAL TRUCKS, INC.; and  ) <br> DESIGN TRANSPORTATION SERVICES,  ) <br> INC.                             ) <br>      Defendants.                 ) | No. 05-2667 Ma An |

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
_____

Plaintiff Denetrice Smith, as administratrix of the estate of Alexander Smith ("Smith"), originally filed this action in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, on August 4, 2005. (Notice of Removal ¶ 1.) In accordance with Tennessee Code Annotated 20-2-205, the Tennessee Secretary of State delivered a copy of the Summons and Complaint via certified mail to Defendant Design Transportation Services, Inc. ("Design") on August 18, 2005, Defendant Aaron Williams ("Williams") on August 22, 2005 (return receipt signed by Robert Marshall), and  Defendant Southwest International Trucks, Inc.

("Southwest International") on August 25, 2005. (Mtn to Remand at 1.) The Tennessee Secretary State did not serve Defendant Jason Faulk ("Faulk") until October 11, 2005 because the initial mailing was returned marked "insufficient address". (Mtn. to Remand at 2.) The relationship between Williams and Robert Marshall, the person who signed for Williams' initial Summons, is unclear.  However, Williams was personally served on October 7, 2005 at the Shelby County Division of Corrections.  (Id.)

Southwest International and Design filed a notice of removal on September 14, 2005, citing diversity jurisdiction under 28 U.S.C. § 1332. (Id.) Smith filed a motion to remand on October 4, 2005.  Faulk filed notice of consent to removal on October 12, 2005. (Id.) Williams has not filed a notice of consent to removal.

Defendants Faulk, Southwest International, and Design (collectively the "Removing Defendants") responded to Smith's motion to remand on October 20, 2005.  Smith filed a supplemental motion to remand on November 8, 2005 and a third motion to remand on February 13, 2006.

28 U.S.C. § 1446 states that "[a] defendant or defendants desiring to remove any civil action...shall file...a notice of removal." The rule of unanimity demands that all defendants join in a petition to remove.  See Brierly v. Alusuisee Flexible Packaging Inc., 184 F.3d 527, 533 n. 3 (6th Cir. 1999)("The rule of unanimity requires that in order for a notice of removal to be

2

properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."). See also Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 754 (8th Cir.2001); Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir.1995); Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir.1992); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir.1986); N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272-73 (7th Cir.1982); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981).

Recently, in Loftis v. United Parcel Service, 342 F.3d 509 (6th Cir. 2003), the Sixth Circuit held that:

> all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.

Id. at 516. See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Failure to obtain unanimous consent forecloses removal under Section 1446.

In the present case, Williams has not consented to removal as required by 28 U.S.C. § 1446(a) and supporting case law. In Loftis, the Sixth Circuit stated clearly that "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of  a summons

when the initial pleading demonstrates that the case is one that may be removed." Id. at 516.

In Smith's three motions to remand, she argues that unanimity is lacking and removal is improper. Citing Loftis, the Removing Defendants concede that case law requires Williams' consent, but argue that Williams' "notice of consent to remove is not procedurally due until November 2005". (Resp. to Plaintiff's Mtn. to Remand at 3.) Williams did have until November 2, 2005, to file his written consent to removal. Smith's initial motion to remand was premature because she filed it before time had expired for Williams' consent. Therefore, Smith's initial motion to remand filed on October 4, 2005 is DENIED.

However, Smith filed a supplemental motion to remand on November 8, 2005, to which the Removing Defendants have not responded. Because Williams' consent to removal was due on November 2, 2005, Smith's renewed contention that lack of unanimity requires remand is timely. The Removing Defendants have failed to satisfy the rule of unanimity. Therefore, Plaintiff's November 8, 2005 motion to remand is GRANTED. Smith's February 13, 2006 motion to remand is, therefore, MOOT.

So ordered this 23rd day of February 2006.


_____
s/ Samuel H. Mays, Jr.
United States District Judge